IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| BRANDON HOLMES, | : | CIVIL NO. 3:16-CV-644 |
|  | : |  |
| Plaintiff | : |  |
|  | : | (Judge Munley) |
| v. | : |  |
|  | : |  |
| J. ECK, et al., | : | (Magistrate Judge Arbuckle) |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**BRIEF IN SUPPORT OF F.R.C.P. 12(B)(7) AND F.R.C.P. 19 MOTION TO SUPPLEMENTAL COMPLAINT FILED BY BRANDON HOLMES**

Gregory T. Moro, Esquire
Attorneys for Defendants
105 E. Market Street
Danville, PA 17821
570-784-1010
ID#: 56089

Hope R. Moro, Esquire
Attorneys for Defendants
105 E. Market Street
Danville, PA 17821
570-784-1010
ID#: 61705

# I.    TABLE OF CONTENTS

I.       Table of Contents……………………………………………….2

II.     Table of Citations……………………………………………….3

III.    Certification of Word Count…………………………………....4

IV.    Brief……………………………………………………………5-14

Certificate of Service……………………………………………...15-16

## II.   <u>TABLE OF CITATIONS</u>

<u>Citizen Band Potawatomi Indian Tribe of OK v. Collier</u>,17 F.3d 1292,
1293 (10th Cir. 1994)…………………………………………………9

<u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142, 1148 (3d Cir. 1990)……………10

<u>Cummings v. Allstate Ins. Co</u>., 2012 U.S. Dist. LEXIS 84673
(3d Cir. E.D.)…………………………………………………………10

<u>Davis Cos. v. Emerald Casino, Inc</u>., 268 F.3d477, 479 n.2, 480 n.4
(7th Cir. 2001)…………………………………………………………9

<u>Disabled in Action v. Se. Pa. Transp. Auth</u>., 635 F.3d 87, 97
(3d Cir. 2011)…………………………………………………………9

<u>Jurimex Kommerz Transit G.M.B.H. v. Case Corp</u>., 65 Fed. Appx.
803, 805 (3d Cir. 2003)………………………………………………..9

<u>Pitts. Logistics Sys., Inc. v. C.R. England, Inc</u>., 669 F. Supp. 2d
613, 618 (W.D. Pa. 2009)……………………………………………..9

<u>Poulis v. State Farm Fire and Cas. Co</u>., 747 F.2d 863 (3d Cir. 1984)………..10

<u>Provident Trademens Bank and Trust Co. v. Patterson</u>, 390 U.S.
102, 107, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968)……………………………..8

<u>Shetter v Amerada Hess Corp</u>., 15 F.3d 934, 938 (3d Cir. 1994)……………..8

<u>Transit G.M.B.H. v. Case Corp</u>., 201 F.R.D. 337, 339-40
(D. Del. 2001)…………………………………………………………9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

|                    |   |                              |
|--------------------|---|------------------------------|
| BRANDON HOLMES,    | : | CIVIL NO. 3:16-CV-644        |
|                    | : |                              |
|    Plaintiff | : |                              |
|                    | : | (Judge Munley)               |
|    v.       | : |                              |
|                    | : |                              |
| J. ECK, et al.,    | : | (Magistrate Judge Carlson)   |
|                    | : |                              |
|    Defendants | : |                            |
|                    | : |                              |

## CERTIFICATION OF WORD COUNT

We, Gregory T. Moro, Esquire and Hope R. Moro, Esquire, do hereby certify, on behalf of the Defendants and pursuant to Local Rule 7.8(B)(2), that the word count in the enclosed Brief In Support Of Motion To Dismiss Under Federal Rule Of Civil Procedure 12, does not exceed 5,000 words and is calculated by Microsoft Word to be 2416 words.

S:/Gregory T. Moro, Esquire
Gregory T. Moro, Esquire


S:/Hope R. Moro, Esquire
Hope R. Moro, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| BRANDON HOLMES, | : | CIVIL NO. 3:16-CV-644 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| J. ECK, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |
| | : | |

## BRIEF IN SUPPORT OF F.R.C.P. 12(B)(7) AND F.R.C.P. 19 MOTION TO SUPPLEMENTAL COMPLAINT FILED BY BRANDON HOLMES

**AND NOW** COMES J. Eck, M. Russo, B. Mottern and C. Pizzoli by and through their Attorneys, Gregory T. Moro, Esquire and Hope R. Moro, Esquire and set forth this Brief In Support Of A Motion to Dismiss Pursuant to F.R.C.P. 12(B)(7) and F.R.C.P. 19 as follows:

## FACTS:

The Plaintiff is a Federal Inmate (hereinafter "Plaintiff Inmate"), who was incarcerated in the Special Housing Unit (SHU) at FCI Lewisburg on March 10, 2015.  The Plaintiff Inmate alleges that on said date he was engaged in verbal sparring in the shower area with Defendant Eck, a Correctional Officer at USP

Lewisburg, and, that Eck threatened to strike in the head the Plaintiff Inmate if the hand restraints were removed prior to the Plaintiff Inmate's exit from the shower area. The Plaintiff Inmate further states upon exit from the shower area he was not cuffed. Thereafter, he alleges that Eck struck him in the chest area and that the other Defendants took him to the ground at which time they struck him with their hands and batons.

The Plaintiff Inmate was restrained on the ground when "other officers came on scene." The Plaintiff Inmate claims that these "other officers" who relieved the Defendants, continued the restraint, and repeatedly struck him, despite the fact that he was repeatedly yelling at them to stop striking him.

The unidentified officers then forcibly removed the Plaintiff Inmate to the third floor at which time he was placed in a four-point restraint. In forcibly removing the Plaintiff Inmate, the unidentified officers, cuffed the Plaintiff Inmate over the open wounds on his ankle.

Subsequently, the Plaintiff Inmate was then taken by the unidentified officers to his Special Housing Unit, at which time he remained in four-point restraint. At one point other unidentified officers removed the Plaintiff Inmate's left hand restraints and grabbed his left hand/arm and pulled it back, thereby lifting the Plaintiff Inmate off the ground. Thereafter, said unidentified officers placed the hand-restraints back on the Plaintiff Inmate's left hand.

6

The Plaintiff Inmate was placed in a four-point restraint for approximately twenty-four (24) hours by the unidentified officers.  The Plaintiff Inmate claims that all of the officers who came in contact with him denied him food, water, medical care and the use of bathroom facilities.

The Plaintiff Inmate indicated that he was bloody as a result of the incident and had an open wound to his left ankle.  The Plaintiff Inmate received a medical assessment.  There is no information in the Amended Complaint as to the Plaintiff Inmate's diagnosis from the medical assessment, the Plaintiff Inmate's specific injuries nor who specifically caused the injuries.  In point of fact, the Plaintiff Inmate's injuries, as pled, were primarily caused by the other unidentified officers who came on scene when the Plaintiff Inmate was restrained after the shower incident.

As a result of the alleged incident on March 10, 2015, Plaintiff Inmate filed a Civil Complaint.  After the ruling on initial screening by Magistrate Carlson, Plaintiff Inmate filed an Amended Complaint.  To this Amended Complaint, the Defendants filed a Motion to Dismiss and Strike.

On March 5, 2018, Magistrate Arbuckle ruled on the Defendants' Motions. No exceptions were filed.  Judge Munley entered an Order adopting the Report and Recommendation, affording the Plaintiff thirty (30) days to file another Amended Complaint.  Plaintiff Inmate filed a "Supplemental Complaint" and a Motion for

Leave to accept the same.  On August 1, 2018, Magistrate Arbuckle granted the

Motion.  The Defendants have been afforded 21 days to answer or object under

F.R.C.P. 12.  The Defendants have filed a 12(B)(7) Motion seeking dismissal and a

Brief in Support of their Motion.

## STATEMENT OF ISSUES:

I.   **The Plaintiff Inmate's Amended Complaint must be dismissed under**
     **F.R.C.P 12(B)(7) as he has failed to join  indispensable parties under**
     **F.R.C.P. 19,, namely, there were other individuals who were**
     **substantially involved in the alleged incident, specifically the "other**
     **officers" who the Plaintiff Inmate identified in his Supplemental**
     **Complaint.**

## LEGAL STANDARD:

Compulsory joinder is an exception to the general rule that the plaintiff has

the right to choose whom to sue.  See Fed. Prac. & Proc. Civ. §1602 (3d ed.). Rule

19 promulgates the considerations a court must undertake to properly ascertain

whether a party's joinder is necessary, and empowers the court to order such action

be taken if feasible. See F.R.C.P. 19; see also Provident Trademens Bank and Trust

Co. v. Patterson, 390 U.S. 102, 107, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968); Shetter

v Amerada Hess Corp., 15 F.3d 934, 938 (3d Cir. 1994).

Federal Rules of Civil Procedure 12(b)(7) and 19, acting in conjunction, allow a court to dismiss a case for failure to join a party in whose absence the court cannot accord complete relief, or whose interest in the dispute is of such a nature that to proceed without their presence could prejudice that party or others.  See F.R.C.P. 12(b)(7) and 19.  The moving party bears the burden to show that dismissal is proper.  Disabled in Action v. Se. Pa. Transp. Auth., 635 F.3d 87, 97 (3d Cir. 2011).

In reviewing a motion made under Rule 12(b)(7), a court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  Pitts. Logistics Sys., Inc. v. C.R. England, Inc., 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009) (citing Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 Fed. Appx. 803, 805 (3d Cir. 2003)). Furthermore, a court may consider "relevant, extra-pleading evidence" when ruling on a Rule 12(b)(7) motion. Citizen Band Potawatomi Indian Tribe of OK v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994) (citation omitted); see also Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 479 n.2, 480 n.4 (7th Cir. 2001); Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 201 F.R.D. 337, 339-40 (D. Del. 2001).

**ARGUMENT:**

The Defendants urge this Court to dismiss the Plaintiff Inmate's "Supplemental Complaint" under F.R.C.P. 12(b)(7) in conjunction with F.R.C.P. 19.  Despite multiple complaint filings, the Plaintiff Inmate has failed to join indispensable and necessary parties to this action.  Importantly, this non-joinder of necessary and indispensable parties is in contravention of Judge Munley's Order of March 21, 2018, which required the Plaintiff Inmate to join necessary parties by individual names or as John or Jane Doe.

The Defendants rely on and urge this Court to consider the Court's analysis and Order in Cummings v. Allstate Ins. Co., 2012 U.S. Dist. LEXIS 84673 (3d Cir. E.D.)  In Cummings, the District Court dismissed the Plaintiff's Fourth Amended Complaint with prejudice for failing to join an indispensable party, which was previously Ordered by the Court. Id.

The Court in Cummings applied the Poulis factors (six factors) enumerated in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984).  Defendants submit that the Court must view the circumstances of this case through application of the Poulis factors.  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990).

The Poulis factors are enumerated as follows: (1) the extent of the parties' personal responsibility; (2) the prejudice to the defendant; (3) the history of

dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. Id.

The initial factor to be considered is the extent of the parties' personal responsibility. The Plaintiff Inmate claims physical pain and suffering in his Supplemental Complaint. A thorough review of the Supplemental Complaint suggests that the physical harm was caused by multiple officers hitting and kicking the Plaintiff Inmate, multiple officers improperly placing him in restraints and four point restraints, physical harm caused by officers in the four point cell, and, officers causing injury by inappropriate medical care, as well as the failure of all officers to provide basic food, bathroom use and medical care.

There could have been ten (10) or more officers who caused some type of harm to this Plaintiff Inmate, however, only four (4) officers are joined. At least six (6) necessary and indispensable parties who caused Plaintiff Inmate harm are not joined as Defendants. These non-joined individuals are necessary to this action. This is purportedly why Judge Munley Ordered the Plaintiff Inmate to comply with the Federal Rules in his Amended Pleading. Despite that Order, the Plaintiff Inmate once again failed to properly plead. This action cannot move forward without all necessary parties. See F.R.C.P. 19(A) & (B).

The second factor considers whether there is prejudice to the Defendants by the non-joinder.  The Plaintiff Inmate has clearly failed to join indispensable parties.  He has apparently made no effort to ascertain the names of all the Defendants nor has he joined the other Defendants as Jane or John Doe.  This action commenced in 2016, however, the Plaintiff Inmate continues to not properly plead.  The failure to join all Defendants prohibits the named Defendants from seeking contribution and/or indemnity from the other alleged co-participants.  The Plaintiff Inmate's failure presents the Court and/or jury from determining liability of the participants in the alleged illegality. Prejudice exists because of the Plaintiff Inmate's continued failure to comply with the Federal Rules of Civil Procedure.

Third, the Plaintiff Inmate has not complied with the Court's Orders requiring Amendment in the past.  The Plaintiff Inmate has continued to improperly plead requests for relief.  He has also defied the Court's Order of March 21, 2018 by not joining necessary and indispensable parties to this action.

Fourth, the Plaintiff Inmate's continued failure to comply with the Federal Rules of Civil Procedure and his disobedience of the Court's Order is willful. There simply is no other explanation of record.

Fifth, the Court has already permitted the Plaintiff Inmate to amend.  The Court's Opinions and Orders are instructive and effectively provide the method to

properly amend.  Despite the instruction, the Plaintiff Inmate continues not to comply with the Federal Rule 19 and Court's Order requiring amendment.

Sixth, while this Court has previously ruled that the Plaintiff Inmate has pled a prima facie claim against the named four (4) Defendants, the Plaintiff Inmate's continued pleadings and narrative therein, place blame on every correctional officer who was charged with assisting in his confinement on the date in question. Candidly, the allegations viewed in totality lack any credibility. Thus, the Plaintiff Inmate's case lacks merit.

**CONCLUSION:**

The Plaintiff's failure to comply with F.R.C.P. 12(b)(7) and F.R.C.P. 19,

along with the failure to comply with the Court's Order of March 21, 2018,

warrants dismissal of this case with prejudice.

Respectfully submitted,

S/Gregory T. Moro, Esquire
Gregory T. Moro, Esquire
Attorney for Defendants
105 E. Market Street
Danville, PA 17821
Attorney ID #56089
(570) 784-1010

S/Hope R. Moro, Esquire
Hope R. Moro, Esquire
Attorney for Defendants
105 E. Market Street
Danville, PA 17821
Attorney ID #61705
(570) 784-1010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
                                        :
BRANDON HOLMES,                         :       CIVIL NO. 3:16-CV-644
                                        :
        Plaintiff                       :
                                        :       (Judge Munley)
        v.                              :
                                        :
J. ECK, et al.,                         :       (Magistrate Judge Carlson)
                                        :
        Defendants.                     :
                                        :
_____

## CERTIFICATE OF SERVICE

We, Gregory T. Moro, Esquire and Hope R. Moro, Esquire, do hereby

certify that on this 22nd  day of August 2018, we served a true and correct copy of

the foregoing Brief In Support Of F.R.C.P. 12(B)(7) and F.R.C.P. 19 upon the

following party, by

United States mail, postage pre-paid to the following address:

15

Brandon Holmes-Register Number: 73170-004
USP Florence ADMAX
U.S. Penitentiary
PO BOX 8500
Florence, CO  81226


S:/Gregory T. Moro, Esquire
Gregory T. Moro, Esquire
Attorney for Defendants
105 E. Market Street
Danville, PA 17821
Attorney ID #56089
(570) 784-1010

S:/Hope R. Moro, Esquire
Hope R. Moro, Esquire
Attorney for Defendants
105 E. Market Street
Danville, PA 17821
Attorney ID #61705
(570) 784-1010