United States District Court
Middle District of Pennsylvania

Brandon J. Holmes
    Plaintiff

v.

J. Eck, et al.
    Defendants

Civil No. 3:16-CV-0644

(Munley, D.J.)

(Arbuckle, M.J.)

FILED
WILLIAMSPORT
SEP 04 2018
PER _____
DEPUTY CLERK

Brief in Opposition of Defendants Motion to Dismiss 12(B)(7) and F.R.C.P. 19 Under Federal Rule of Civil Procedure 7.6

And Now Comes, Brandon Holmes, set forth this Brief in Opposition of defendants Motion to Dismiss Pursuant to 12(B)(7) and F.R.C.P. 19 Under Local Rule 7.6 as follows:

FACTS:

The Plaintiff is a federal Prisoner who was incarcerated in the Special Housing Unit (SHU) at USP Lewisburg on March 10, 2015 at approximately 7:30 AM. Plaintiff while in the second floor shower stall on J-Block

(Unit) was having a conversation with another prisoner, when defendant J. Eck entered the shower area and stated: Holmes shut the fuck up your nothing but a coward and i don't want to hear all your bullshit. The Plaintiff responded by saying he was not a coward. Defendant J. Eck stated: what are you going to do if i open your shower door and punch you in your face? The Plaintiff stated that he would defend himself.

Defendant J. Eck stated well we're about to find out! .... Officer J. Eck.... left out of the shower and come back with Officers B. Mottern, M. Russo and C. Pizzoli and opened my shower stall door without me being in hand restraints and used his left hand (closed fist) to strike me around my chest area.

Then, I felt my life was endanger when the other attacker's officers, B. Mottern, M. Russo, and then C. Pizzoli also engaged in the assault by

striking me with closed fist(s) and batons to my head and everywhere else they could inflict pain and injury upon my body. At this time the Plaintiff was badly injured and in so much pain, and was overpowered by the defendants and placed on the shower floor, where he complied and was placed in hand restraints with blood running from several areas of his body.

(It was only after these events that other officers arrived on the scene and replaced the first attackers.)

Then, two John Does and a Jane Doe who were with the other officers who replaced the first attackers, took turns randomly striking the Plaintiff with closed fist(s) to the face in body area, while the Plaintiff lay defenseless in hand restraints on the shower floor, yelling out in agony for them to stop striking him.

Later, the Plaintiff was escorted to the third floor of J-Block and placed in four point restraints and medically assessed for some of his injuries. Around ten mintues after the departure of the use of force team, Three John Does, two officers and one lieutenant a total of three individuals, entered the four point cell, and removed the Plaintiff left hand restraints and pulled his arm hard lifting him off the bed and replaced his left hand back into the hand restraints extremely tight leaving the Plaintiff in serious pain.

The Plaintiff was left in restraints (four point restraints) for over 24 hours, and was denied the right to eat or use the restroom and had to urinate and lay in his own feces, during this entire process. Then lieutenant K. Ferguson feed the Plaintiff a hand full of tater tots and a piece of hamburger meat from his hand. Two hours later the Plaintiff was removed from four point restraints and placed in full body

4 of 11

ambulatory restraints for numerous hours. All other defendants "named individuals", either as "John Doe" or "Jane Doe", Joined Parties, were and is properly plead before this honorable court in the Plaintiff second Amended complaint, which this Plaintiff was afforded on March 5, 2018 by our Honorable Magistrate Judge Mr. Arbuckle, because the four defendants begin accusing other officers for their initial assault of the Plaintiff, And adopted by Honorable Judge Mr. Munley on March 21, 2018.

The Plaintiff has properly plead a Prayer for relief, for monetary relief, without claiming any specific sum where unliquidated damages are involved in the Plaintiff second Amended complaint filed on April 26, 2018.

ARGUMENT:

The Plaintiff urges this court to dismiss the defendants Motion to Dismiss 12(B)(7) and F.R.C.P. 19 on the following grounds:

The defendants would urge this court to dismiss the Plaintiff "Supplemental Complaint" under F.R.C.P. 12(B)(7) in conjunction with F.R.C.P. 19, But there is no prejudice that exist against the defendants caused by the Plaintiff on the behalf of joining the other "John Doe or Jane Doe defendants" or for any other reason.

The initial four defendant's assault upon the Plaintiff speaks for itself, and the other John Doe or Jane Doe assaults following the initial assault of the four named defendants speaks for itself, and despite Officer J. Eck losing his employment with the Federal Bureau of Prisons (FBOP) for his assault upon the Plaintiff, He and the other three (3) defendants continues to shamelessly "point the

finger" at other officers for their initial assault upon the Plaintiff.

Concerning the use of John Doe defendants, see Davis v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998) and cases cited: Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 37 (2d Cir. 1996); Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995); Murphy v. Goord, 445 F. Supp. 2d 261, 266 (W.D.N.Y. 2006) (Permitting Plaintiff to use a Pseudonym for unknown defendants, take discovery to identify them, then Amend his complaint to add their correct names).

Courts have also said that they have a duty to assist Pro Se Plaintiff in identifying other defendants. Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997) When "a party is ignorant of defendant's true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court" (citation omitted).

See also, Murray v. City of Chicago, 634 F.2d 365, 366 (7th Cir. 1980) when defendant's all blamed each other for the violation, the Plaintiff was entitled to discovery to identify the ("true culprit") and all others.

The record clearly shows that the Plaintiff has properly plead an Eighth Amendment violation, and of his injuries in his second Amendment complaint before this court against the initial assault caused by the four defendants upon the Plaintiff. The Plaintiff has also properly joined the other John Doe or Jane Doe defendant's for their actions following the initial assault of the four defendants J. Eck, B. Mottern, M. Russo and C. Pizzoli, and has followed all court orders to the best of his ability.

Conclusion:

Wherefore, The defendants Motion to Dismiss, The Plaintiff supplemental complaint under F.R.C.P. 12(B)(7) and 19 should be dismissed

Respectfully Submitted

Date 08/26/18

Brendon _____
Signature

Brandon Holmes
# 73170-004
U.S. Penitentiary Max
P.O. Box 8500
Florence, CO 81226

United States District Court
Middle District of Pennsylvania

Brandon Holmes,
    Plaintiff

v.

J. Eck, et al.,
    Defendants

Civil No. 3:16-cv-0644

(Judge Munley)

(Magistrate Judge Arbuckle)

## Certification of Word Count

I, Brandon J. Holmes, do hereby certify, that the word count in the enclosed Brief in Opposition under Local Rule 7.6 does not exceed 5,000 words and is not more than 3,000 words.

Date: 08/26/18

Brandon J. Holmes

In The United States District Court
For The Middle District Of Pennsylvania

Brandon Holmes,                                     Civil No. 3:16-CV-0644
    Plaintiff,
                                                    (Judge Nunley)
V.

J. Eck, et al.,                                     (Magistrate Judge Arbuckle)
    Defendants.

## Certificate of Service

I, Brandon J. Holmes, do hereby certify that on this 26 day of August, 2018, I served a true and correct copy of the foregoing Brief in Opposition upon the following party, by United States mail, Postage Pre-Paid to the following address:

    Gregory T. Moro, Esquire
    Attorney for Defendants
    105 E. Market Street
    Danville, PA 17821

                          Brandon Holmes
                          # 73170-007
                          U.S. Penitentiary MAX.
                          P.O. Box 8500
                          Florence, CO 81226

Office of the Clerk                                    August 26, 2018

      Greetings

Can you please process the Plaintiff Brief in opposition of the Defendant's Motion to Dismiss

  Thank you and God Bless

            Sincerely
            Brandon Holmes